**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATEWIDE BONDING, INC., *et al.*, ) | |
| ) | |
| Plaintiffs., ) | |
| ) | |
| v. ) | Civil No. 1:18-cv-02115 (JEB) |
| ) | |
| U.S. DEPARTMENT OF HOMELAND, ) | |
| SECURITY (DHS), *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' REPLY TO PLAINTIFFS'**
**RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

This Court should grant Defendants' Motion to Dismiss because 1) Plaintiffs lack standing to raise claims based on allegedly defective Notices to Appear (NTAs) and 2) Plaintiffs Nexus Services, Inc. (Nexus) and Mike Donovan lack standing because they are not parties to the bond contract or third-party beneficiaries of the bond. Plaintiffs' opposition fails to offer any rationale for allowing bond agents and bond indemnitors to avoid liability for bond breaches based on purportedly defective charging documents (NTAs) served on aliens to commence immigration proceedings before any bond has even been posted. Any alleged defect in the NTAs simply has no bearing on the bond obligors' failure to have the alien report to an ICE office in response to a separate demand notice issued by ICE. In addition, Plaintiffs' assertion that the inclusion of Donovan's name on the bond form somehow automatically confers third-party beneficiary status on him is indefensible. Finally, while Defendants requested a more definite statement to clarify the specific bond breaches Plaintiffs are challenging, the Plaintiffs have twisted that request into an attempt to obtain discovery in this case involving review of an administrative record under the Administrative Procedure Act (APA). Because Plaintiffs' due

1

process and APA claims fundamentally present the same issues, Plaintiffs are not entitled to discovery outside the administrative record.

## ARGUMENT

**I.      THIS COURT LACKS JURISDICTION OVER PLAINTIFFS'
        CLAIM BASED ON ALLEGEDLY DEFECTIVE NOTICES TO APPEAR.**

In their opposition, the Plaintiffs conflate their arguments that they have been injured by Defendants' issuance of purportedly defective NTAs with defective "Notices to Produce Aliens" (what DHS calls "demand notices") to try to avoid dismissal of their claims based on defective NTAs.  The Plaintiffs' opposition purposefully ignores the reality that NTAs are issued to aliens to commence immigration court proceedings and are not incorporated by reference into or otherwise part of the bond contract.  An alien may be released from detention on an immigration bond while removal proceedings are pending, but this does not mean that any alleged defects in the NTAs are relevant to a bond breach determination.

The Plaintiffs ignore the reality that immigration bonds often are breached when the alien has appeared for all of his or her immigration court hearings.  In many cases, the alien or the alien's attorney receives notices for immigration court hearings separate from the NTA, and the alien complies with all of those notices, but later fails to appear at an ICE office in response to a demand notice.  This occurrence illustrates that the breach determination is based on the alien's failure to report in response to a demand notice and is not based upon the alien's failure to appear for a hearing in immigration court.

Parties to the bond contract (the surety and its bond agent, but not Nexus or Donovan) have standing to challenge ICE's bond breach determinations.  However, parties to the bond contract do not have standing to challenge the breach determinations based on a document (the NTA) issued to an alien in an immigration court proceeding because any defects in the NTA

have no bearing on the declaration of breach.  An alien's failure to appear at an immigration court hearing will not result in a breach determination.  Instead, the breach determination is based on the alien's failure to report in response to the demand notice.  A demand notice may be issued while removal proceedings are pending in immigration court or after an order of removal has been entered.  In either case, ICE issues a demand notice to the parties to the bond contract (the surety and its bond agent) with a date for the alien to report and, if the alien fails to report, the bond is breached.  Because the NTA is not issued to any of the Plaintiffs in this case and has no bearing on the Plaintiffs' liability to ICE for a bond breach determination, the Plaintiffs lack standing to base their claims on allegedly defective NTAs.

## II.   PLAINTIFFS NEXUS AND DONOVAN LACK STANDING BECAUSE THEY ARE NOT THIRD-PARTY BENEFICIARIES OF THE IMMIGRATION BOND CONTRACT.

The Defendants moved to dismiss Plaintiffs Nexus and Donovan because they are not parties to the immigration bond contract and they are not third-party beneficiaries to the contract. ECF No. 22-1 at 9.  Plaintiffs apparently concede that neither Nexus nor Donovan is a party to the bond contract.  This concession is dictated by the plain language of the bond's instructions, which identify the parties to the contract as follows:  "The surety is the obligor; the bonded alien is the principal; and the Department of Homeland Security ('DHS') is the beneficiary of all bonds it authorizes."  Gellert Decl., Ex. A, at 1, ECF No. 7-1 at 6; *see also United States v. Gonzales & Gonzales Bonds & Ins. Agency, Inc.,* 728 F. Supp. 2d 1077, 1088-89 (N.D. Cal. 2010) (noting that the bond form creates a contract between the Government agency, the bonding agent, and the surety company).  When the surety company issues a power of attorney to an agent to act on its behalf, the agent is a co-obligor on the bond.  As acknowledged by the Plaintiffs, Nexus and Donovan indemnify and guarantee the bonds.  ECF No. 25 at 3.  By

Plaintiffs' own admission, neither Nexus nor Donovan is a surety company or an agent with a valid power of attorney issued by the surety company. Thus, neither of these Plaintiffs is a party to the bond contract.

Because they are not parties to the bond contract, the only way Nexus or Donovan has standing to sue under the bond contract is to show that they are intended third-party beneficiaries of that agreement. *Bowhead Info. Tech. Servs., LLC v. Catapult Tech. Ltd.*, 377 F. Supp. 2d 166, 171 (D.D.C. 2005) ("To sue under a contract to which it is not a party, a plaintiff must demonstrate that he is an intended third-party beneficiary, as evidenced by the intent or words of the contract."). To establish third-party beneficiary status, a party must demonstrate that the contract reflects an intention to benefit that party directly. *Flexfab, L.L.C. v. United States*, 424 F.3d 1254, 1259 (Fed. Cir. 2005); *see also Interface Kanner, LLC v. JPMorgan Chase Bank, N.A.,* 704 F.3d 927, 933 (11th Cir. 2013) (for government contracts, a party must overcome the presumption that members of the public are incidental, not intended, beneficiaries by showing the parties' clear intent that the third party is intended to benefit from the contract). Overcoming the presumption that a third party to a government contract is an incidental beneficiary rather than an intended beneficiary is "a comparatively difficult task" – the putative third-party beneficiary must "demonstrate an intent on the part of the contracting parties to grant it enforceable rights." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1160 (9th Cir. 2016). "[O]nly in rare circumstances will courts deem individual members of the public to be intended beneficiaries empowered to enforce those contracts in court." *Edwards v. Aurora Loan Srvs., LLC*, 791 F. Supp. 2d 144, 151 (D.D.C. 2011). The "privilege of third party beneficiary status should not be granted liberally." *G4S Tech. LLC v. United States*, 779 F.3d 1337, 1340 (Fed. Cir. 2015).

Plaintiffs have not come close to rising to the difficult task of establishing that Donovan and Nexus are intended third-party beneficiaries of the bond contract. Their only argument in support of this status is that Donovan's name appears on the bond contract in the same section as the names of the co-obligors. ECF No. 25 at 14. The *Edwards* case, however, explicitly states that a plaintiff does not meet its burden of establishing that the contracting parties clearly intended to confer third-party beneficiary status merely by explicitly naming or referring to the third party in the contract. *Edwards*, 791 F. Supp. 2d at 151. Rather, as *Edwards* states, the plain language of the agreement must demonstrate a clear intent "to rebut the presumption that the third parties are merely incidental beneficiaries." *Id.* In their opposition, Plaintiffs confuse which party has the burden of proof on this issue. Their brief reads as if the Defendants have the burden of establishing Nexus and Donovan's third-party beneficiary status, but it is the Plaintiffs who must overcome the presumption that third parties are incidental beneficiaries to government contracts, and this they cannot do simply by noting that Donovan's name appears on the bond contract.

In claiming third-party beneficiary status, the Plaintiffs conveniently ignore how Donovan's role is described on the bond contract. On the bond forms where Mr. Donovan's name appears, he is listed as the "person who executed a written instrument with the surety company requesting it to post bond." Monette Decl., Ex. A, at 11, ECF No. 7-2 at 16. The Plaintiffs make no attempt to explain how a party who contracted with a surety requesting it to post bond on behalf of an alien is an intended beneficiary of the bond. The instructions on the bond form expressly state that the Department of Homeland Security is the beneficiary of all bonds it authorizes. Gellert Decl., Ex. A, at 1, ECF No. 7-1 at 6. Donovan and Nexus contracted with the agent to indemnify the agent if the bond was declared breached. This agreement made

5

Donovan or Nexus liable to the agent for the face amount of the bond when the bond was breached, which is the opposite of being the beneficiary of the bond.

Because neither Donovan nor Nexus is a third-party beneficiary of a contract, each of these Plaintiffs lacks standing to seek enforcement of the contract or to bring a breach of contract claim. *Lawson v. Life of the South Ins. Co.*, 648 F.3d 1166, 1167 (11th Cir. 2011) ("A rule of contract law is that one who is not a party to an agreement cannot enforce its terms against one who is a party."). "[O]nly a party to a contract or an intended third-party beneficiary may sue to enforce the terms of a contract or obtain an appropriate remedy for breach." *GECCMC 2005-C1 Plummer St. Office Ltd. P'ship v. JPMorgan Chase Bank, Nat'l Ass'n*, 671 F.3d 1027, 1033 (9th Cir. 2012) (citations omitted). Because they lack standing, this Court must dismiss Donovan and Nexus as Plaintiffs in this case, leaving only Statewide Bonding, Inc. and Big Marco Insurance and Bonding Services, LLC as Plaintiffs.

### III. PLAINTIFFS ARE NOT ENTITLED TO DISCOVERY IN THIS APA CASE.

In their opposition, the Plaintiffs claim that they are entitled to discovery in this case challenging an agency's administrative breach determinations under the APA because their amended complaint purportedly raises due process claims that are "collateral" to their claim that the bond breach determinations are arbitrary and capricious. In making this argument, the Plaintiffs rely on *Vidal v. Duke*, 2017 WL 8773110 (E.D.N.Y. Oct. 17, 2017), where the plaintiffs challenged both DHS's decision to end the Deferred Action for Childhood Arrivals (DACA) program and, as a separate matter, DHS's failure to provide individualized notices to DACA recipients to renew their deferred action and work authorization prior to a particular date. ECF No. 25 at 18-20. In *Vidal*, the court held that its review of the plaintiffs' due process claims was not limited to an administrative record pertaining to the decision to end the DACA program

6

because those claims were different from the APA claim challenging the decision to end the DACA program, and that discovery could proceed on claims separate from the decision to end the DACA program. *Id.* at *2.

Plaintiffs' attempt to distinguish the court's decision in *Chiayu Chang,* where discovery on equal protection and due process claims was not allowed because the plaintiffs' constitutional claims were fundamentally similar to their APA claims. *Chiayu Chang v. USCIS*, 254 F. Supp. 3d 160, 162 (D.D.C. 2017). In *Chiayu Chang*, the plaintiffs challenged the government's denial of their EB-5 visa applications. In support of their equal protection and due process claims, they sought discovery of the agency's past adjudicatory policies and practices. The court held that the plaintiffs' constitutional claims were fundamentally similar to their APA claims because no suspect class was alleged regarding their equal protection claim meaning that the government only had to present a rational basis for its actions under both the APA and the Equal Protection Clause. 254 F. Supp. 3d at 162.

Unlike the collateral claims raised in *Vidal*, here both Plaintiffs' due process and APA claims are challenging the validity of the bond breach determinations and thus Plaintiffs' constitutional claims are fundamentally similar to their APA claims. Because the bond contract provides that a bond obligor is liable for a breach when it fails to produce the alien as specified in the demand notice issued by the Agency, ICE's failure to issue a demand notice that complies with due process requirements would also be "in violation of law" under the APA. As a result, the Plaintiffs' due process and APA claims present the same issue for the Court to adjudicate. Given that, the Court's review is properly limited to the administrative record.

## CONCLUSION

For the foregoing reasons and those set forth in its opening brief, the United States respectfully asks this Court to grant its motion to dismiss Plaintiffs' defective NTA claim for lack of standing, to dismiss Plaintiffs Nexus and Donovan because they lack standing to challenge any breach determinations, and to require a more definite statement.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. BAR NUMBER 472845

DANIEL F. VAN HORN, D.C. Bar No. 924092
Chief, Civil Division

              /s/
RHONDA L. CAMPBELL, D.C. Bar No. 462402
Assistant United States Attorneys
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2559
Rhonda.campbell@usdoj.gov

*Counsel for United States*